UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STANLEY TILLMAN,

    Plaintiff,

v.

                              Case No. 16-CV-1335-PP

UNITED STATES OF AMERICA,

    Defendant.

**AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 14), AND DISMISSING CASE**

    The government asks the court to dismiss the plaintiff's medical malpractice and negligence claims because the plaintiff failed to exhaust his administrative remedies and because those claims are time-barred. Because the court agrees that the statute of limitations bars the plaintiff's claims, the court dismisses the case.

**PROCEDURAL BACKGROUND**

    On October 5, 2016, plaintiff Stanley Tillman filed a complaint against the U.S. Dept. of Health & Human Services; the U.S. Government; Michael Weinstein[1], M.D.; Sue Chem; and Outreach Community Health Center. Dkt. No. 1. The court screened the complaint, and determined that the plaintiff did not state any constitutional claims under 42 U.S.C. §1983. Dkt. No. 10. The

---

[1] Plaintiff referred to the defendant as "Dr. Weiner," but the correct spelling is Weinstein. Dkt. No. 15 at 1.

court also determined that the plaintiff had not stated claims of any kind against the United States government or the Department of Health and Human Services, and dismissed those two defendants from the case. Id. at 6.

This left the plaintiff's state-law medical malpractice and negligence claims against the remaining three defendants. Id. The court concluded that, despite the fact that the plaintiff's remaining claims were based in state law, the court did have diversity jurisdiction (as far as it could tell at that point) to hear the claims. Id. at 7. It also found that, at that early stage in the litigation, the plaintiff had asserted sufficient facts to state malpractice and/or negligence claims against defendants Outreach and Dr. Weinstein. Id. at 9.

The found, however, that the plaintiff had not stated either a malpractice or a negligence claim against defendant Sue Chem, and dismissed her as a defendant. Id. at 9.

After the court issued its order, counsel for the remaining defendants filed a certification, deeming both Outreach and Dr. Weinstein to be employees of the United States (for the purposes of federal statutory tort claims), because during the time of the events recounted in the complaint, Outreach was receiving grant money from a federal agency. Dkt. No. 13. Based on this certification, on January 30, 2017, the clerk's office substituted the United States as the correct defendant.[2] On that same day, the defendant filed a

---

[2] The plaintiff argues in his brief opposing the motion to dismiss (dkt. no. 21) and in his motion for default judgment (dkt. no. 27) that in its screening order, the court dismissed the United States as a defendant, and that because it never has appealed or opposed that decision, it could not unilaterally decide to substitute itself as defendant. Dkt. No. 21 at 2-3. The court disagrees. The

motion to dismiss the case. Dkt. No. 14. The parties have fully briefed that motion; the court will grant it.

**FACTUAL BACKGROUND**

The plaintiff alleges that he visited the Outreach Community Health Center to refill his high blood pressure prescription on April 24, 2013. Dkt. No. 1 at 4. Dr. Michael Weinstein saw him, and wrote the plaintiff a prescription for a different medication. Id. Because the pharmacy no longer had the medication Dr. Weinstein had prescribed, the plaintiff returned to Weinstein, who then handed him a pill bottle which bore the name of the prescription, but not the name of the person to whom the medication had been prescribed. Id. Dr. Weinstein instructed the plaintiff to take one of these pills each day until he was able to get the prescription filled. Id. Dr. Weinstein gave the plaintiff no other instructions, and did not inform him of any side effects of the medication in the bottle. Id.

The plaintiff alleges that he took one pill a day, as Dr. Weinstein had instructed him, and that on or about May 1, 2013, while driving on the Illinois Turnpike through Rockford, Illinois, he lost consciousness and ran off the highway into a tree. Id. at 5. The plaintiff asserts that he sustained serious injuries, and totaled his car. Id. At the hospital, he learned that the medication had caused his blood pressure to drop so low that he had blacked out. Id. The

---

court was not aware, at the time it dismissed the United States, that Outreach was receiving federal funding. The government's certification clarified that fact, demonstrating that the United States *was* the proper defendant. That is why the court substituted the United States back in as a defendant after it filed the certification.

3

hospital also informed him that the medication he'd been taking was a heart medication with serious side effects, including fatigue and unconsciousness. Id. He alleges that Dr. Weinstein had given the plaintiff a dose sixteen times the recommended dosage. Id. at 6. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 9.

**DISCUSSION**

    A.    The Parties' Arguments

The government's motion to dismiss asserts that the Federal Tort Claims Act ("FTCA"), 42 U.S.C. §233, governs the case. Dkt. No. 15 at 2. The FTCA says that when a plaintiff brings a tort claim (a personal injury claim) against the United States (or its employees), a federal court has jurisdiction only under the FTCA. Thus, the government is correct that the FTCA governs the plaintiff's personal injury claims.

The government asks the court to dismiss the case because (1) the plaintiff did not timely file an administrative claim with the appropriate federal agency (the Department of Health and Human Services), and (2) the statute of limitations has run. Id. at 2-3. The government asserts that records for the Department of Health and Human Services ("HHS") show that the plaintiff never filed an administrative tort claim. Id. at 2. The government attached a declaration from Meredith Torres, senior attorney in the general law division of the HHS office of general counsel. Dkt. No. 23. Torres attests that she searched the relevant databases for HHS, and "found no record of an administrative tort claim filed by Stanley Tillman . . . ." Id. at 2. As to the statute of limitations, the

4

government argues that the plaintiff received the pills from Dr. Weinstein in April 2013, but did not file his complaint in this case until October 5, 2016. Because the FTCA requires a plaintiff to file his claim within two years after the claim accrues, the government argues, the plaintiff's claim is barred by the statute of limitations. Dkt. No. 15 at 3.

In response to the defendant's exhaustion claim, the plaintiff responds that he first filed this case in the Winnebago County circuit court in Illinois in June 2014. Dkt. No. 21 at 3. He says that that court issued a default judgment in his favor, but that the next day, the federal government substituted itself as defendant, and moved to remove the case to federal court under the FTCA. Id. He indicates that he objected to this removal, and that the federal court in the Northern District of Illinois instructed him to pursue his administrative remedies and then re-file his case. Id. The government attached a copy of Judge Frederick J. Kapala's February 24, 2015 decision, which confirms that that court dismissed the plaintiff's complaint for failure to exhaust his administrative remedies. Dkt. No. 15-1.

The plaintiff asserts that he has exhausted his administrative remedies. Dkt. No. 21 at 3. He attaches several pages of exhibits, which he indicates prove as much. One exhibit is the first page of what appears to be a multi-page letter on Department of Health and Human Services ("HHS") letterhead, addressed to the plaintiff and referring to "OCR Transaction Number: 15-214674." Id. at 6. That letter begins to describe the duties of the HHS Office of

Civil Rights, and is dated July 21, 2015; the remaining page or pages of the letter are missing. Id.

The second exhibit contains copies of three envelopes: one addressed to the complaint/grievance supervisor at the Community Mental Health Services Center in Milwaukee, with a return address from the plaintiff (the court cannot read the date on the postmark); a second from the Department of Health and Human Services to the plaintiff (postmarked February 11, 2016, and received in the plaintiff's housing unit on February 17, 2016), and a third that appears to be in the plaintiff's handwriting, but is addressed to the plaintiff with a return address from the Department of Health and Human Services' Office of Civil Rights in Chicago (there is no stamp or postmark on that envelope). Id. at 7.

The third exhibit is a letter from the HHS Office of Documents and Regulation Management, dated February 11, 2016, telling the plaintiff that that office was not the correct agency to address his concerns, and indicating that his letter had been forwarded to the U.S. Department of Justice in Washington, D.C. Id. at 8.

In his response to the motion to dismiss, the plaintiff asserted that in April 2015, he filed a complaint/claim received by "the offices of Celeste Davis, Civil Rights Head, for the Midwest region of the U.S. Department of Health and Human Services." Dkt. No. 21 at 3. He indicates that in July 2015, HHS investigated his complaint and concluded that the agency bore no fault. Id. He also asserts, contrary to the declaration the government submitted by Meredith

Torres, that "upon calling the offices of Celeste Davis, in the Chicago region that covers Wisconsin, there is record of the complaint and the corresponding conclusion letter." Id. at 4. The plaintiff did not attach an affidavit or declaration from Celeste Davis, or any further proof that a complaint and conclusion letter exists.

The plaintiff did not address the government's assertion that the statute of limitations barred his claim.

In its reply, the government points out that while the plaintiff submitted exhibits in support of his opposition brief, he did not provide the court with a copy of the administrative claim he asserts that he filed. Dkt. No. 24 at 3. The government asserted that whatever it was the plaintiff sent to HHS, "the agency did not interpret it to be an administrative tort claim." Id. at 4. The government reasserts that HHS has no record of the plaintiff filing an administrative torts claim. Id. The government also further elaborated on its statute-of-limitations defense. Id. at 4-5.

Because the court concludes that the plaintiff's claims are barred by the FTCA's statute of limitations, it need not reach the question of whether he exhausted his administrative remedies.

B. <u>The Statute of Limitations Issue</u>

The Federal Tort Claims Act states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or

7

> registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident …

28 C.F.R. §14.2(a).

The plaintiff alleges that he took one pill a day between April 24, 2013 and about May 1, 2013, and that he crashed his car on or about May 1, 2013. Dkt. No. 1 at 5. This means that under 28 U.S.C. §2401(b), the plaintiff had to present his claim to the appropriate agency by May 1, 2015. The plaintiff claims that the agency received the claim in April 2015. Dkt. No. 21 at 3. As the court noted, he attached one page of a letter dated July 21, 2015 on HHS letterhead. Dkt. No. 21 at 6. That letter begins, "Dear Mr. Tillman: Thank you for your complaint, which was received on June 30, 2015 . . . ." Id. If whatever the HHS received on June 30, 2015 was the plaintiff's administrative tort complaint, the agency received it two months *after* the statute of limitations had expired.

The plaintiff also asserts that the agency made its final determination that the HHS was not liable in July 2015. Dkt. No. 21 at 3. The plaintiff has not provided the court with a copy of this final determination, so the court has no way of knowing if this is the case. Even if the plaintiff had provided that

8

proof, however, and even if it showed that the HHS had made its final determination in July 2015, the law required him to file this case within six months of the mailing date of the final notice. 28 U.S.C. §2401(b). The plaintiff did not file this case until more than a year later—October 5, 2016. Dkt. No. 1.

The plaintiff did not file a timely administrative tort claim with HHS, and did not timely file his complaint with this court. The court must dismiss the case because it is barred by the statute of limitations.

**CONCLUSION**

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 14. The court **DENIES AS MOOT** the plaintiff's Supplemental Objection to All Motions and Attempts to Dismiss and Motion for Default Judgment in the Plaintiff's Favor for Untimely Responsive Pleading. Dkt. No. 27. The court **ORDERS** that this case is **DISMISSED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **60** days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 60-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). A party must file

9

any motion under Fed. R. Civ. P. 59(e) within **28** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). A party must file any motion under Fed. R. Civ. P. 60(b) within a reasonable time—generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 5th day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**