UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STANLEY TILLMAN,

    Plaintiff,

v.                                                         Case No. 16-cv-1335-pp

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (DKT. NO. 34)**

---

On June 26, 2017, the plaintiff, who is proceeding without a lawyer, filed a motion for leave to appeal *in forma pauperis*—in other words, without paying the appellate filing fee. Dkt. No. 34.

In October 2016, when the plaintiff filed his original complaint, he was incarcerated at the Boonville Correctional Center in Boonville Missouri. Dkt. No. 1. On December 15, 2016, the plaintiff wrote the court with an updated address, stating that he had been released from prison on November 25, 2016. Dkt. No. 9 at 1. On December 27, 2016, the court screened the complaint and granted the plaintiff's second motion for leave to proceed with prepaying the filing fee. Dkt. No. 5. Because the plaintiff had filed his complaint while he was a prisoner, however, the Prison Litigation Reform Act ("PLRA") applied to his case, meaning that the court could only allow the plaintiff to pay the filing fee

over time, not waive it entirely. The court ordered the plaintiff to pay the $350 balance of the filing fee as he was able. Dkt. No. 10 at 11.

If the district court allows a person to proceed without prepayment of the filing fee in the district court, that person may proceed without prepayment of the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepayment of the filing fee. Fed. R. App. P. 24(a). See also, Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) ("... a plaintiff who ... was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

This court does not find any indication that the plaintiff did not file his appeal in good faith. The court will grant the plaintiff's motion to appeal without prepayment of the filing fee.

Under the Prison Litigation Reform Act, however, a plaintiff must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). Normally, a court must assess an initial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's trust account or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the notice of appeal. 28 U.S.C. §1915(b)(2). Here, however, because the plaintiff has been released from custody, the court will not require the plaintiff to pay the initial partial filing fee in order to move forward with his appeal. The court will grant the plaintiff's motion for leave to

proceed without prepaying the filing fee, dkt. no. 34, and will order that that plaintiff shall pay the $500 filing fee and $5 appellate docketing fee over time, as he is able.

The court **GRANTS** the plaintiff's motion to proceed *in forma pauperis* on appeal. Dkt. No. 34. The court **ORDERS** that the plaintiff shall pay the $505 balance of the filing fee as he is able. The plaintiff shall make his payment to the Clerk of Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Room 362, Milwaukee, WI 53202. He shall clearly identify the payments by the case name and case number, both of the district court case (16-cv-1335) and the court of appeals case (17-2321).

Dated in Milwaukee, Wisconsin this 23rd day of October, 2017.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**